1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| IVAN VAZQUEZ-GONZALEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>M. ARVIZA, et al.,<br><br>                    Defendants. | No.  1:23-cv-00925-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 11) |

18
19
20

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971).

21

Plaintiff's complaint in this action was filed on June 20, 2023.  (ECF No. 1.)

22
23

On September 26, 2023, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 10.)

24
25
26
27
28

Plaintiff failed to file an amended complaint or otherwise respond to the September 26, 2023 order.  Therefore, on November 7, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed.  (ECF No. 11.)  Plaintiff has failed to respond to the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the

1

1    action is warranted.

2                                              **I.**

3                            **SCREENING REQUIREMENT**

4           As Plaintiff is proceeding in forma pauperis (ECF No. 11), the Court screens the

5    complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that

6    may have been paid, the court shall dismiss the case at any time if the court determines that the

7    action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. §

8    1915(e)(2)(B)(ii).

9           A complaint is required to contain "a short and plain statement of the claim showing that

10   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

11   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

13   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient

14   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id.

15   (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting

16   this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are

17   not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677,

18   681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's

19   legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

20          Pleadings of pro se plaintiffs "must be held to less stringent standards than formal

21   pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

22   pro se complaints should continue to be liberally construed after Iqbal).

23                                             **II.**

24                          **COMPLAINT ALLEGATIONS**

25          On November 10, 2022, Plaintiff was placed in an isolated cell by F.C.I. Mendota on a

26   process of investigation.

27          On December 25, 2022, a formal examination for colon cancer was conducted.

28          On January 14, 2023, Plaintiff was notified that the results were positive for colon cancer.

Plaintiff was informed the same day that he needed to be transferred to an outside hospital to determine the exact point of where the cancer is forming.  From that day on Plaintiff waited to be transferred to the outside hospital, but as the days and weeks went on nothing happened.  Plaintiff proceeded to follow up with "sick call" and talking to medical staff.  Four months passed while Plaintiff was in isolation and he was not told a simple word other than he tested positive for colon cancer.

On May 7, 2023, Plaintiff was released in general population from an isolated cell and from that day on he made daily visits to the health services in an attempt to be examined or to find a solution to being transferred to an outside hospital.  Now five months have passed and nothing has occurred.  As the situation worsens, Plaintiff's physical and mental state is deteriorating from the lack of medical attention.  Plaintiff cannot sleep, he has lost his appetite, has lack of motivation, and cannot partake in his daily activities.

## III.

## DISCUSSION

### A.    Linkage Requirement

The Civil Rights Act, 42 U.S.C. § 1983, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint does not link the named Defendants to any conduct which allegedly violations his constitutional rights.  Indeed, other than naming Warden M. Arviza and Registered Nurse B. Burgin in the caption of the complaint, Plaintiff does not name them in the factual allegations of the complaint.  The amended complaint contains fewer allegations linking defendants to alleged violation than did the original complaint. In fact, Plaintiff fails to link any

3

named Defendant to any conduct which allegedly violated Plaintiff's constitutional rights.  For this reason, alone, Plaintiff fails to state a cognizable claim for relief.

**B.    Supervisory Liability**

To the extent Plaintiff seeks to hold Warden Arviza liable based solely upon her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord Lemire v. Cal. Dep't of Corrs. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff attempts to link supervisors by direct participation. But Plaintiff has failed to allege what each supervisor did or did not do which allegedly violated Plaintiff's constitutional rights.

**C.    Bivens Action**

Based on the case Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), courts have found that individuals may sue federal officials for damages for constitutional violations under certain circumstances. A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250 (2006). The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice,

4

Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing Schearz v. United States, 234 F.3d 428, 432 (9th Cir. 2000). A Bivens claim is only available against officers in their individual capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988).

Plaintiff must allege facts linking each named defendant to the violation of his rights. Iqbal, 556 U.S. at 676; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-79.

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. at 691, 695.

**D.      Bivens After Ziglar v. Abbasi**

To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has "consistently refused to extend Bivens to any new context or new category of defendants. Ziglar v. Abbasi, 582 U.S. 120, 134 (2017) (citations

1    omitted); <u>see</u> <u>Egbert v. Boule</u>, 142 S.Ct. 1793, 1797 (2022) (The Court reiterated that "a cause of

2    action under Bivens is 'a disfavored judicial activity.").

3         Traditionally, courts applied a two-part test to determine the appropriateness of extending

4    a Bivens cause of action. First, the Court examined whether the claim arises in a "new context" or

5    involves a "new category of defendants." <u>Hernandez v. Mesa</u>, 140 S.Ct. 735, 743 (2020). Second,

6    if the claim does indeed arise in a new context, the Court assessed whether there exists any

7    "special factors counselling hesitation in the absence of affirmative action by Congress." <u>Ziglar</u>,

8    582 U.S. at 136 (internal quotations omitted). However, the Supreme Court recently reformulated

9    this test. In <u>Egbert</u>, 142 S.Ct. at 1803, the Supreme Court determined that these two steps can be

10   distilled to one single inquiry; that is, "whether there is any reason to think that Congress might

11   be better equipped to create a damages remedy." Further, the Court specified that if there is even

12   one rational reason to defer to Congress to afford a remedy, then "a court may not recognize a

13   <u>Bivens</u> remedy." <u>Id.</u> Practically, the Court concluded that a rational reason for deference to

14   Congress will exist "in most every case." <u>Id.</u>

15        Finally, the presence of an alternative remedial structure counsels against extending

16   <u>Bivens</u> to a new cause of action. The Court may not even determine the adequacy of the

17   alternative remedy, as this too is a task left to Congress. <u>Egbert</u>, 142 S.Ct at 1807. Indeed, "[s]o

18   long as Congress or the Executive has created a remedial process that it finds sufficient to secure

19   an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing

20   a <u>Bivens</u> remedy." <u>Id.</u> This remains true "even if a court independently concludes that the

21   Government's procedures are 'not as effective as an individual damages remedy.' " <u>Id.</u> (quoting

22   <u>Bush v. Lucas</u>, 462 U.S. 367, 372 (1983)).

23        In the instant case, Plaintiff's medical claim does not present a new <u>Bivens</u> context.  In

24   <u>Carlson v. Green</u>, the Supreme Court found that there was an available <u>Bivens</u> remedy for a

25   federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment.

26   <u>Carlson v. Green</u>, 446 U.S. 14 (1980). The Court will therefore consider whether Plaintiff states a

27   cognizable claim under the Eighth Amendment.

28   ///

1    **E.    Deliberate Indifference to Serious Medical Need**

2        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

3    must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091,

4    1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff

5    to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

6    could result in further significant injury or the unnecessary and wanton infliction of pain,' " and

7    (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting

8    McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations

9    marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th

10   Cir. 1997) (en banc).

11        Deliberate indifference is established only where the defendant subjectively "knows of

12   and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051,

13   1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate

14   indifference can be established "by showing (a) a purposeful act or failure to respond to a

15   prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d

16   at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high

17   risk of harm that is either known or so obvious that it should be known") is insufficient to

18   establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994)

19   (citations omitted).

20        A difference of opinion between an inmate and prison medical personnel—or between

21   medical professionals—regarding appropriate medical diagnosis and treatment is not enough to

22   establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

23   Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a

24   physician has been negligent in diagnosing or treating a medical condition does not state a valid

25   claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not

26   become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at

27   106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff

28   must show that the course of treatment the doctors chose was medically unacceptable under the

circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, the Court finds that Plaintiff fails to state a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  Although Plaintiff names Warden M. Arviza and Registered Nurse B. Burgin as Defendants, there are no factual allegations suggesting that these Defendants were deliberately indifferent to Plaintiff's medical needs. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth Amendment.

## IV.

### FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on September 26, 2023, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 10.)  Plaintiff did not file an amended complaint or otherwise respond to the Court's September 26, 2023 order.  Therefore, on November 7, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 11.)  Plaintiff failed to respond to the November 7, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson</u>, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of September 26, 2023 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's September 26, 2023, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 10.)  In addition, the Court's November 7, 2023, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 11.)  Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days.  Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the September 26, 2023 and November 7, 2023 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to

10

Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 1, 2023**

UNITED STATES MAGISTRATE JUDGE

11